UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZI MARIE H.,<br><br>                                  Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social<br>Security,[1]<br><br>                                  Defendant. | Case No.:  22-cv-1963-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion for Attorney's Fees") filed by Petitioner, Lawrence D. Rohlfing ("Plaintiff's Counsel" or "Rohlfing"), attorney for Plaintiff Suzi Marie H. ("Plaintiff"). (ECF No. 26.)

## I.    PROCEDURAL BACKGROUND

On December 12, 2022, Plaintiff filed a Complaint seeking judicial review of Defendant's final denial of Plaintiff's administrative application for disability benefits under the Social Security Act. (ECF No. 1.)

---

[1] On May 7, 2025, Frank Bisignano became the Commissioner of Social Security. He is automatically substituted as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

On August 15, 2023, the parties filed the Joint Motion for judicial review of the issues in this case. (ECF No. 19.)

On March 5, 2024, Magistrate Judge Allison H. Goddard issued a Report and Recommendation recommending that the Court reverse the Commissioner of Social Security's ("Commissioner" or "Defendant") denial of disability benefits and remand the case for further administrative proceedings. (ECF No. 20.) On March 28, 2024, the Court adopted the Report and Recommendation in its entirety, reversed the Commissioner's denial of disability benefits, and remanded the case for further administrative proceedings. (ECF No. 21.)

On April 26, 2024, the parties filed the Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920 ("Joint Motion for EAJA Fees"). (ECF No. 23.) On April 30, 2024, the Court issued an Order granting the Joint Motion for EAJA Fees and awarding Plaintiff attorney's fees and expenses in the amount of $5,500.00 and costs in the amount of $402.00. (ECF No. 24.)

On remand, the Administrative Law Judge ("ALJ") found that Plaintiff is disabled and granted Plaintiff's application for benefits, entitling her to approximately $73,330.90 of past due benefits. (ECF No. 26 at 5; ECF No. 26-3 at 1–2.)[2]

On June 9, 2025, Plaintiff's Counsel filed the Motion for Attorney's Fees, requesting a fee of $15,000.00. (ECF No. 26.) On June 23, 2025, Defendant filed a Response to the motion, in which Defendant "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (ECF No. 29 at 2.)

---

[2] Plaintiff's Counsel states that the Commissioner determined that Plaintiff was entitled to receive "approximately $73,330.90 in past due benefits." (ECF No. 26 at 5.) Although Defendant's Notice of Award does not explicitly state the total amount of past due benefits owed to Plaintiff, the Notice of Award states that Defendant "withheld $18,332.75 from [Plaintiff's] past due benefits" and that Defendant "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (ECF No. 26-3 at 2.) The Court infers that Plaintiff's Counsel calculated Plaintiff's past due benefits based upon an assumption that $18,332.75 is 25 percent of her total amount of past due benefits.

## II.    CONTENTIONS

Plaintiff's Counsel requests an award of fees in the amount of $15,000.00 in connection with his representation of Plaintiff before this Court. (ECF No. 26 at 5.) Plaintiff's Counsel contends that the fee is based on "20.5% of the past due benefits paid or payable to [Plaintiff]," which is "reasonable considering the services expended and results achieved." *Id.* at 7. Plaintiff's Counsel contends that, in total, his firm expended 26.65 hours on Plaintiff's case, which was specifically comprised of 12.3 hours of attorney time, 10 hours of law clerk time, and 4.35 hours of paralegal time. *Id.* at 5, 13. Plaintiff's Counsel contends that his firm was able to secure a favorable decision from this Court after efficiently preparing the Joint Motion that resulted in the Magistrate Judge's Report and Recommendation, the Order adopting the Report and Recommendation, and the Judgment remanding this action for further administrative proceedings. *Id.* at 6–7. Plaintiff's Counsel contends that he seeks an effective hourly rate of $563.00 for his firm's efforts. *Id.* at 7. Plaintiff's Counsel contends that the requested fee award is also justified based upon the delay in payment, considering that Plaintiff initiated this action in this Court on December 12, 2022, the ALJ's decision on remand was not entered until June 3, 2025, and Plaintiff's Counsel has received only the $5,500.00 EAJA fee in the interim. *Id.* at 14.

Plaintiff's Counsel contends that he entered into a retainer agreement with Plaintiff on November 29, 2022, wherein Plaintiff agreed to pay Rohlfing's firm 25% of her past due benefits in the event of an award. *Id.* at 8; *see also* ECF No. 26-1 at 1. Plaintiff's Counsel contends that, although the retainer agreement "calls for a separate calculation of fees under § 406(a) and § 406(b)," "Rohlfing exercises billing discretion to limit the aggregate of all fees received to 25% of the past due benefits, the only withholding the Commissioner makes." (ECF No. 26 at 8.)

## III.    DISCUSSION

"Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by … 42 U.S.C. § 406." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). "The statute deals with

the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Under § 406(b), "a court may allow 'a reasonable fee … not in excess of 25 percent of the … past-due benefits' awarded to the claimant," payable out of the amount of the past-due benefits. *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). This "25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (internal citations omitted) (quoting *Gisbrecht*, 535 U.S. at 793, 808). "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.

As an initial matter, there is no evidence that Plaintiff's Counsel engaged in fraud or overreach in making the retainer agreement or provided substandard representation to Plaintiff. No reduction for dilatory conduct is warranted because the Court finds that Plaintiff's Counsel "caused no excessive delay which resulted in an undue accumulation of past-due benefits." *Crawford*, 586 F.3d at 1151. Plaintiff's Counsel provided effective representation in this case and obtained a favorable result for his client. Additionally, the requested fees are "significantly lower than the fees bargained for in the [retainer] agreement[]" and are not "excessively large in relation to the benefits achieved." *Id.*

Plaintiff's Counsel states that his firm expended 26.65 hours litigating Plaintiff's case before this Court. (ECF No. 26 at 5.) The effective hourly rate requested is $563.00. *Id.* at 10. Plaintiff's Counsel contends that a baseline lodestar for this action would amount to $17,413.00—based upon hourly rates of $1,141.00 per hour for attorney time, $250.00 per hour for law clerk time, and $200.00 per hour for paralegal time—but Plaintiff's

Counsel is requesting a fee award of only $15,000.00. *Id.* at 13. The Court finds that both the amount of time spent litigating this action and the requested rate are in line with precedent in this Circuit and do not justify a reduction in the fee award. *See, e.g.*, *Crawford*, 586 F.3d at 1152 (granting fee awards of $21,000.00, $11,500.00, and $24,000.00 for 19.5, 17.45, and 26.9 hours of attorney time respectively). The Court concludes that the requested fee of $15,000.00 is reasonable in this case.

The Court previously granted Plaintiff's Counsel $5,500.00 in fees under the EAJA. "Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Accordingly, Plaintiff's Counsel must refund to Plaintiff the $5,500.00 in EAJA fees previously awarded by the Court.

## IV.    CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 26) is granted. Fees in the amount of $15,000.00 are awarded to Plaintiff's Counsel pursuant to 42 U.S.C. § 406(b). The Commissioner is directed to certify the fee of $15,000.00.

IT IS FURTHER ORDERED that Plaintiff's Counsel shall refund to Plaintiff the $5,500.00 in EAJA fees previously awarded by the Court.

Dated:  July 15, 2025

Hon. William Q. Hayes
United States District Court

22-cv-1963-WQH-AHG